Filed 2/2/16  P. v. Murray CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL FRANCIS MURRAY,<br><br>    Defendant and Appellant. | D067227<br><br><br>(Super. Ct. Nos. SCD254927, SCD257566, SCD258562) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant Daniel Francis Murray appeals from a judgment of conviction after he pled guilty to one count of selling or furnishing methamphetamine and one count of possessing methamphetamine, and after admitting to violating probation in another case in which he had previously pled guilty to one count of possessing methamphetamine. Murray contends that under Proposition 47, he is entitled to automatic, nondiscretionary resentencing for his two convictions for possession of methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a). We conclude that Murray is not entitled to automatic resentencing. Rather, he must file a petition for recall of sentence after his judgment is final and allow the trial court to determine whether he is eligible for misdemeanor resentencing under Proposition 47. We therefore affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2014, Murray was charged in case No. SCD254927 (Case 1) with one count of possession of methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a), which was a felony at that time. The information also alleged that Murray had suffered one prior conviction for a serious or violent felony, pursuant to Penal Code sections 667, subdivision (b), 1170.12, and 668, and that he had served two prior prison terms, pursuant to Penal Code sections 667.5, subdivision (b) and 668.

Murray pled guilty to the felony count, and the trial court dismissed the enhancement allegations. The trial court granted Murray formal probation on the condition that Murray serve 180 days in county jail.

In a separate case, case No. SCD257566 (Case 2), Murray was charged with one count of selling or furnishing a controlled substance, methamphetamine, in violation of Health and Safety Code section 11379, subdivision (a). The information also alleged that Murray had suffered one prior conviction for a serious or violent felony, pursuant to Penal Code sections 667, subdivision (b), 1170.12, and 668, and that he had served two prior prison terms, pursuant to Penal Code sections 667.5, subdivision (b) and 668.

On September 4, 2014, after Murray failed to report to a probation officer within 72 hours of his release from custody and failed to report his arrest within seven days, the Probation Department filed a report alleging that Murray violated his probation in Case 1. That same day, the trial court summarily revoked probation in Case 1.

Approximately a week after his probation was revoked with respect to Case 1, Murray was again arrested for possessing a controlled substance, in violation of Health and Safety Code section 11377, subdivision (a), and for committing a felony while out on bail, in violation of Penal Code section 12022.1. A few days later, Murray was charged in case No. SCD258562 (Case 3) with possession of a controlled substance, methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a). The information also alleged that Murray had served two prior prison sentences within the meaning of Penal Code sections 667.5, subdivision (b) and 668, and that he

3

had a strike prior, pursuant to Penal Code sections 667, subdivision (b), 1170.12 and 668.

In late September 2014, Murray pled guilty to the charged count in Case 2 and the charged count in Case 3. The trial court struck the prior prison and conviction enhancement allegations. Murray admitted to having violated probation in Case 1.

Pursuant to the plea bargain, the trial court sentenced Murray to a stipulated sentence of three years in state prison on the count to which he pled guilty in Case 2. The trial court also sentenced Murray to 16 months in state prison with respect to Case 1, and 16 months in state prison with respect to Case 3, and ordered that both sentences run concurrently with the sentence in Case 2.

Murray filed a timely notice of appeal with respect to all three cases.

III.

DISCUSSION

Murray contends that this court should reduce his felony convictions in Cases 1 and 3, for violations of Health and Safety Code section 11377, subdivision (a), to misdemeanors pursuant to the amendments effectuated by Proposition 47. Murray asserts that this court should reduce his convictions on those counts to misdemeanors under the authority of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). According to Murray, because his case is not yet final given the pendency of his appeal, he is entitled to the benefit of a change in the law that occurs prior to finality.

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act [(Proposition 47)] . . . ." (*People v. Rivera* (2015) 233

4

Cal.App.4th 1085, 1089 (*Rivera*).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera*, *supra*, at p. 1091.)

Proposition 47 also included a new statutory provision whereby an individual already serving a felony sentence for the reclassified offenses may petition for a recall of his or her sentence.  (See Pen. Code, § 1170.18, subd. (a).)  Specifically, Penal Code section 1170.18 provides the statutory remedy for "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (*Id.*, subd. (a).)  Under this provision, such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, . . . as those sections have been amended or added by this act." (*Ibid.*)

Penal Code section 1170.18, subdivision (b) specifies the procedure for a trial court to follow "[u]pon receiving a petition under subdivision (a)."  If the trial court finds that "the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . , unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Ibid.*)  An "unreasonable risk of danger

5

to public safety" is defined in section 1170.18, subdivision (c) of the Penal Code as "an unreasonable risk that the petitioner will commit" one of the "super strike" offenses listed in Penal Code section 667, subdivision (e)(2)(C)(iv). "In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (Pen. Code, § 1170.18, subd. (b).)

According to Murray, because the judgment in his case was not final at the time Proposition 47 became effective, pursuant to *Estrada*, he is entitled to have this court reduce his conviction to a misdemeanor under amended section 11377, and he need not utilize the resentencing procedure established in Penal Code section 1170.18. We disagree.

"The rule in *Estrada* . . . is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) In the absence of an express saving clause, one will be implied if the Legislature or electorate has " 'demonstrate[d] its intention with sufficient clarity that a reviewing court can discern and effectuate it.' " (*Ibid.*)

6

For example, the procedure set forth in section 1170.126, subdivision (b), which permits a prisoner to seek resentencing under the Three Strikes Reform Act (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)), has been held to constitute "the functional equivalent of a saving clause." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 172.) Like the resentencing petition process created under Penal Code section 1170.126, subdivision (b), the resentencing petition process contained in section 1170.18, subdivision (a) expressly applies to persons who are "currently serving a sentence" for a crime that would have been a misdemeanor after the passage of Proposition 47. By setting forth specific procedures as to those persons who were "currently serving a sentence" at the time the initiative took effect (Pen. Code, § 1170.18, subd. (a)), the electorate effectively and clearly "demonstrate[d] its intention" (*In re Pedro T*. (1994) 8 Cal.4th 1041, 1049) that such persons follow these specified procedures before being resentenced. We therefore conclude that Penal Code section 1170.18 operates as the functional equivalent of a savings clause.

Murray is thus not entitled to have this court automatically reduce his convictions under Health and Safety Code section 11377 to misdemeanors. Rather, Murray must utilize the procedure specified in Penal Code section 1170.18, which requires that he file a petition for recall of sentence in the trial court after the judgment in this case becomes final. The trial court shall then employ the procedures outlined in Penal Code section 1170.18, subdivision (b), to determine whether Murray should be resentenced to misdemeanor convictions for his two Health and Safety Code section 11377 offenses.

## IV.

## DISPOSITION

The judgment is affirmed.


AARON, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

8